IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: SHARON A. SNYDER, ) | Case No. 2:20bk21859 GLT |
| Debtor. ) | |
| ------------------------------------------------- ) | |
| SHANNI SNYDER, ) | |
| ) | FILED |
| Movant/Applicant, ) | 09/21/2020 4:56 p.m. |
| ) | CLERK |
| v. ) | U.S. BANKRUPTCY |
| ) | COURT - WDPA |
| SHARON A. SNYDER, ) | |
| ) | |
| Respondent. ) | |

**BRIEF IN SUPPORT OF MOTION PURSUANT TO FED. R. BK. PROC. 4004(b) and 4007(c) TO EXTEND DEADLINE TO OBJECT TO DISCHARGE AND DISCHARGEABILITY UNTIL SIXTY DAYS AFTER EXAMINATION OF THE DEBTOR**

AND NOW COMES Shanni Snyder ("Shanni"), movant and creditor herein, and files this brief in support of the motion pursuant to Federal Rules of Bankruptcy Procedure 4007(c) to extend the time to object to dischargeability and pursuant to Federal Rule of Bankruptcy Procedure 4004(b) to object to discharge:

**Consultation and Consent**

Shanni in good faith sought the consent of all parties prior to bringing this motion. The United States Trustee and the Interim Chapter 7 Trustee do not object to this motion. The debtor, Sharon Snyder, through her counsel, was contacted and advised that she does not consent to this motion.

**Standard**

The determination of whether cause exists to extend the time to object to discharge (and dischargeability) is a fact-driven analysis that must be decided on a case-by-case basis. *In re Boltz-Rubinstein*, 454 B.R. 614, 620 (Bankr. E.D. Pa. 2011); *In re Stonham*, 317 B.R. 544, 547-48 (Bankr. D. Colo. 2004). The movant must establish at least a reasonable degree of due diligence to be accorded the requested extension. In re Stonham, 317 B.R. at 547; In re Ballas, 342 B.R. 853, 856 (Bankr. M.D. Fla.

2005), aff'd 212 Fed. Appx. 867 (11th Cir. 2006).

### Timeliness

This motion is timely as the date set to object to discharge and dischargeability is September 22, 2020, and this motion is being filed on September 18, 2020, prior to the deadline as required by Rules 4004(b) and 4007(c).

### Cause for Extension

The original date for the meeting of creditors was July 24, 2020, triggering the deadline of September 22, 2020.   The debtor rescheduled the examination for September 4, 2020, just eighteen days before the deadline to challenge discharge and dischargeability.  This change alone justifies good cause to extend the deadline.

At the September 4, 2020, the interim trustee did not close the meeting pending receipt of materials relating to the purported transfer of ownership of a mortgage.  It is unknown to Shanni whether or not the material was provided to the Chapter 7 Trustee.

Shanni received the recording of the creditor's meeting on September 16, 2020.

During the creditors meeting at minute twenty-one, when discussing Shanni's intent to object to discharge, counsel for the debtor asked Shanni to make sure that her allegations are "substantiated" and not "false."
 To comply with counsel's request that due diligence occur prior to filing the objections to discharge and dischargeability, Shanni needs to: (a) Take an examination of the debtor and (b) Subpoena the bank records for the debtor to establish the ownership and use of said accounts by the debtor.
 Specifically, during the creditor's meeting, counsel for the debtor repeatedly objected to time being spent asking the debtor about her bills, assets, and financial arrangements. The Chapter 7 interim trustee suggested Shanni take a Rule 2004 examination.   Counsel for the debtor also inferred that a "procedure" be invoked by Shanni to obtain the information, but that there was not sufficient time at the creditor's meeting.

Immediately following the creditor's meeting, Shanni contacted counsel for the debtor to arrange a telephonic examination of the debtor using the same recorded system that the Chapter 7 trustee used and at a date and time convenient to the debtor. Counsel emailed Shanni and advised that she would not consent to the examination. As debtor refused to cooperate with an examination, good cause exists to extend the time to object to dischargeability and discharge.

Probable cause exists that the debtor has provided a false and fraudulent bankruptcy petition. Specifically, debtor listed two bank accounts without accompanying account numbers and stated that the accounts do not belong to her, but to her daughter Tammy. The schedules state that the accounts are not used for the benefit of the debtor or debtor's personal use. However, during the examination, debtor admitted she did indeed use the accounts for her personal use such as at hair salons and to pay utility services that are in the debtor's name (electric and gas), and possibly cable (the debtor did not know if it was her account or her daughters). Based on information, the accounts are routinely used by the debtor and actually belong to the debtor. Debtor states she does not know how the bank accounts are set up, to wit, whether she is an authorized user or co-owner. Counsel for the debtor, interjecting, stated that the debtor does not know how the paperwork for the accounts is set up. If debtor is a co-owner of the accounts, the accounts are in debtor's name, and debtor uses the accounts for her personal use, then it appears said accounts belong to the bankruptcy estate, not a third-party as vaguely suggested in the schedules.

Debtor claims she is paid $35 a month to keep the books for the household by her daughter, yet she claimed she did not know the balances of these bank accounts believed to be co-owned by the debtor and admittedly used for debtor's personal expenses including her utility bills (in her name) and other expenses.

The schedules also list $20 in clothing as assets, but for debts there are tens of thousands of dollars in credit card debt for clothing, furniture and other items. Despite listing debt for furniture in the thousands of dollars, debtor lists no furniture on her schedules.

Debtor admitted owning a wireless telephone, but said telephone is not listed on the schedules. Debtor would not or could not identify the type of phone during the creditor's meeting.[1]

Debtor's schedules list a storage facility as an expense for so-called Christmas decorations, but does not itemize any assets on the schedules that are in the storage facility. It seems unlikely that debtor, with an income of $35 per month, would pay more than that to store items that have no value.

Debtor falsely testified during the hearing that she did not transfer any assets when, indeed, on January 20, 2020, she fraudulently conveyed a $32,000 mortgage on a property, along with thirty (30) plus years of interest to the undersigned. Despite Shanni not participating in the transaction, debtor falsely listed on the conveyance that Shanni paid nominal consideration for said mortgage when she neither paid consideration nor requested that the mortgage be transferred to her.

Debtor's schedule lists various guns that she states were bought in her name by her husband. However, debtor's husband is a convicted felon prohibited from possessing guns and debtor does not indicate she reported the missing guns to law enforcement. Debtor has not itemized the guns and did not provide a value for the guns warranting examination and inquiry.

As to dischargeability, Shanni initiated a legal action against debtor for her malicious and fraudulent transfer of a mortgage to her. The fraudulent transfer effectively provided Shanni with ownership and a fiduciary duty to the corporation required to pay said mortgage. Shanni believes the transfer was fraudulent, done with the intent to cause emotional distress, and to tortiously interfere with familial and business relations. An examination of the debtor is required to determine the scope of the transfer and how consideration was paid to debtor so that Shanni can object to dischargeability of the pending lawsuit on the basis of fraud and intentional actions.

The reason sixty (60) days is required after the examination is because debtor claims not to know whether she owns the bank accounts she listed in her schedules and a subpoena may be required

---

1  Shanni does not suggest that not listing the wireless telephone as an asset is a smoking gun; however, she does believe that the debtor uses her daughter as nominee concealing her true ownership of the house in question, First Sterling Corp., and other assets and devised a scheme to defraud welfare and the Internal Revenue Service. Not listing a phone and providing vague responses to questions about the assets is part of debtor's larger attempt to defraud the bankruptcy court.

to obtain the ownership records from the bank.

Therefore, good cause exists to extend the time to object to discharge and the dischargeability of the debts until sixty (60) days after the examination.

WHEREFORE, Movant Shanni Snyder respectfully requests that the time period to object to discharge and dischargeability be extended until sixty (60) days after the examination of the debtor.

Respectfully submitted,

*/s/ Shanni Snyder*

Shanni Snyder
Box 37635 Suite 10287
Philadelphia PA  19101
(412) 758-1371
shannis@pm.me

MOVANT