IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: SHARON A. SNYDER, ) | ) Case No. 2:20bk21859 GLT |
| Debtor. ) | |
| --------------------------------------------------------- ) | |
| SHANNI SNYDER, ) | FILED |
| ) | 09/21/2020 4:17 p.m. |
| Movant/Applicant, ) | CLERK |
| ) | U.S. BANKRUPTCY |
| v. ) | COURT - WDPA |
| ) | |
| SHARON A. SNYDER, ) | |
| ) | |
| Respondent. ) | |

**BRIEF IN SUPPORT OF MOTION PURSUANT TO FED. R. BK. PROC. 2004(c) TO COMPEL EXAMINATION OF DEBTOR**

AND NOW COMES Shanni Snyder ("Shanni"), movant and creditor herein, and files this Court in support of her motion pursuant to Federal Rules of Bankruptcy Procedure 2004(c) to compel the debtor to participate in an examination:

CONSULTATION WITH COUNSEL FOR DEBTOR

After the Chapter 7 Interim Trustee instructed Shanni to contact counsel for the debtor to set a time for examination, she contacted counsel to schedule a convenient date and time for an examination of the debtor. Shanni suggested a recorded telephonic examination, using the same service the Chapter 7 trustee used for the meeting of creditors. Counsel for the debtor replied and stated, "This office does not consent to any of your requests as outlined in your emails."

Because counsel for the debtor will not consent to an examination, it appears necessary to file this motion for judicial intervention directing an examination.

BACKGROUND

During the meeting of creditors, debtor's counsel repeatedly objected to the time spent on the attempt by Shanni to ask questions about the schedules, assets, income, bank account ownership, and financial set up between the debtor and her daughter and possible nominee, Tammy Snyder McCarl.

During the creditors meeting at minute twenty-one, when discussing Shanni's intent to object to discharge, counsel for the debtor asked Shanni to make sure that her allegations are "substantiated" and not "false." To comply with counsel's request that due diligence occur prior to filing the objections to discharge and dischargeability, Shanni needs to: (a) Take an examination of the debtor and (b) Subpoena the bank records for the debtor to establish the ownership and use of said accounts by the debtor.

Specifically, during the creditor's meeting, counsel for the debtor repeatedly objected to time being spent asking the debtor about her bills, assets, and financial arrangements. The Chapter 7 interim trustee suggested Shanni take a Rule 2004 examination. Counsel for the debtor also inferred that a "procedure" be invoked by Shanni to obtain the information, but that there was not sufficient time at the creditor's meeting.

An examination of the debtor appears needed to determine whether there is cause to file a complaint objecting to discharge and dischargeability.

Probable cause exists that the debtor has provided a false and fraudulent bankruptcy petition. Specifically, debtor listed two bank accounts without accompanying account numbers and stated that the accounts do not belong to her, but to her daughter Tammy. The schedules state that the accounts are not used for the benefit of the debtor or debtor's personal use.

However, during the examination, debtor admitted she did indeed use the accounts for her personal use such as at hair salons and to pay utility services that are in the debtor's name (electric and gas), and possibly cable (the debtor did not know if it was her account or her daughters). Debtor also testified that she uses the accounts for person use when her daughter gives her "permission." Based on information, the accounts are routinely used by the debtor and actually belong, in whole or in part, to the debtor and that the transactions will demonstrate they are mostly used by debtor for her personal use.

Debtor states she does not know how the bank accounts are set up, to wit, whether she is an

authorized user or co-owner. Counsel for the debtor, interjecting, stated that the debtor does not know how the paperwork for the accounts is set up. Yet it's debtor's legal obligation to apprise this Court whether she is co-owner of a bank account or merely an authorized user. If debtor is a co-owner of the accounts, the accounts are in debtor's name, and debtor uses the accounts for her personal use, then it appears said accounts belong to the bankruptcy estate, not a third-party as vaguely suggested in the schedules.

Debtor claims she is paid $35 a month to keep the books for the household by her daughter, yet she claimed she did not know the balances of these bank accounts believed to be co-owned by the debtor and admittedly used for debtor's personal expenses including her utility bills (in her name) and other expenses. The schedules also list $20 in clothing as assets, but for debts there are tens of thousands of dollars for clothing, furniture and other items. Despite listing debt for furniture in the thousands of dollars, debtor lists no furniture on her schedules. Debtor admitted owning a wireless telephone, but said telephone is not listed on the schedules. Debtor would not or could not identify the type of phone during the creditor's meeting.[1] Debtor's schedules list a storage facility as an expense for so-called Christmas decorations, but does not itemize any assets on the schedules that are in the storage facility. It seems unlikely that debtor, with an income of $35 per month, would pay more than that to store items that have no value.

Debtor falsely testified during the hearing that she did not transfer any assets when, indeed, on January 20, 2020, she fraudulently conveyed a $32,000 mortgage on a property, along with thirty (30) plus years of interest to the undersigned. Despite Shanni not participating in the transaction, debtor falsely listed on the conveyance that Shanni paid nominal consideration for said mortgage when she neither paid consideration nor requested that the mortgage be transferred to her.

Debtor's schedule lists various guns that she states were bought in her name by her husband.

---

1  Shanni does not suggest that not listing the wireless telephone as an asset is a smoking gun; however, she does believe that the debtor uses her daughter as nominee concealing her true ownership of the house in question, First Sterling Corp., and other assets and devised a scheme to defraud welfare and the Internal Revenue Service. Not listing a phone and providing vague responses to questions about the assets is part of debtor's larger attempt to defraud the bankruptcy court.

However, debtor's husband is a convicted felon prohibited from possessing guns and debtor does not indicate she reported the missing guns to law enforcement. Debtor has not itemized the guns and did not provide a value for the guns warranting examination and inquiry.

As to dischargeability, Shanni initiated a legal action against debtor for her malicious and fraudulent transfer of a mortgage to her. The fraudulent transfer effectively provided Shanni with ownership and a fiduciary duty to the corporation required to pay said mortgage. Shanni believes the transfer was fraudulent, done with the intent to cause emotional distress, and to tortiously interfere with familial and business relations. An examination of the debtor is required to determine the scope of the transfer and how consideration was paid to debtor so that Shanni can object to dischargeability of the pending lawsuit on the basis of fraud and intentional actions.

NEED FOR TERMS OF THE EXAMINATION

Additionally, during the attempted questioning at the creditor's meeting, counsel interjected her personal thoughts about the answers to Shanni's questions. For instance, when Shanni asked about a specific transaction, debtor answered in the affirmative but counsel stated that debtor could not remember a specific and detailed transaction. Therefore, this Court should set terms requiring the debtor to answer the questions, not counsel.

Because counsel for debtor will not stipulate to a date and time or the examination by telephone using the same recording system that the Chapter 7 Interim Trustee uses, it appears that this Court should set the terms and conditions of the examination.

STANDARD OF LAW RELATING TO EXAMINATIONS

Rule 2004 entitles a creditor to a "broad and unfettered" examination of the debtor, which necessarily includes an examination of documents related to the debtor's financial affairs. *In re Young*, No. 17-14065-NPO, 2018 WL 6060338, at *5 (Bankr. N.D. Miss. Nov. 19, 2018) (Olack, J.). Courts have agreed that the rule is intended to provide "a clear picture of the condition and whereabouts of the bankrupt's estate." *In re Johns-Manville Corp.*, 42 B.R. 362, 364 (S.D.N.Y. 1984); *In re Drexel*

*Burnham Lambert Grp., Inc.,* 123 B.R. 702, 708 (Bankr. S.D.N.Y. 1991); *In re Coffee Cupboard, Inc.,* 128 B.R. 509, 514 (Bankr. E.D.N.Y. 1991).

In this case, considering the fantastical situation in the debtor's schedules – $20 in clothing as assets despite tens of thousands of dollars in clothing debt, no furniture listed, yet credit card debt for furniture, stolen guns, bank accounts in the debtor's name that she claims she does not use, but admitted during the creditor's meeting the she uses for personal reasons, and other discrepancies, and examination appears necessary.  Counsel for the debtor simply would not negotiate a time and place for the deposition even though Shanni suggested it could be done at debtor's convenience on the telephone.

WHEREFORE, Movant Shanni Snyder respectfully requests that this Court compel the examination of the debtor using telephonic recording via the same service that the Chapter 7 Interim Trustee used.

Respectfully submitted,

/s/ Shanni Snyder

Shanni Snyder
Box 37635 Suite 10287
Philadelphia PA  19101
(412) 758-1371
shannis@pm.me

MOVANT